UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWAN SPRAGANS,<br><br>Defendant. | Case Nos. 4:16-cr-00292-YGR-1; 4:05-cr-00271-YGR<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Shawan Spragans has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  In short, the defendant's motion requests relief on the grounds that his sentence is unusually long, and that COVID-19 has placed him at an increased risk of infection and death since he suffers from high blood pressure, high cholesterol, heart disease, strokes, gastric issues, and respiratory issues.[1]  As alleged, his medications also cause his immune system to be compromised.  Having closely considered the motion, the record, and familiar with the background and circumstances of this case, the motion is **DENIED**.[2]

By way of background, the defendant is 47 years old and is currently serving a 276-month sentence for violent Hobbs Act and armed robbery offenses that included the firing of a weapon. His anticipated release date is April 2036.  The guidelines for the underlying crimes was 271 to 308 months, so his ultimate sentence did not exceed the pertinent guidelines and fell at the lower end of the rage.  Since being imprisoned, the defendant has had a less than exemplary record. Recently he has received infractions for possessing a weapon and fighting another inmate: the severity of each is significant.  Over and above these two infractions, he has many other infractions between 2019 and 2020 for fighting, threatening bodily harm, and refusing orders.

---

[1] In connection with its opposition, the government filed two motions to seal defendant's medical records.  Defendant's privacy interest in the medical records outweigh the public's interest in those documents.  Accordingly, the motions to seal are **GRANTED**.

[2] At the time this order was issued, a reply brief was not filed or received.  Based upon a review of the record and issues provided, a reply would not change the outcome of this motion.

Despite the gravity of COVID-19 that the defendant highlights, the defendant has refused to be vaccinated against COVID-19. That is his choice. However, as to his remaining health conditions, he has continued to receive treatment. Indeed, defendant previously filed a motion to reduce his sentence based upon "debilitated medical condition," which was denied two years ago by the Warden on the grounds that he was not confined to a bed or chair for more than 50% of waking hours. Against this backdrop, the defendant brings his motion.

The Court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. section 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). When the Court has jurisdiction over a defendant's motion, section 3582(c)(1)(A)(i) provides that the Court may reduce an imposed prison term if the Court finds that "extraordinary and compelling reasons warrant such a reduction," any "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and after considering the applicable factors set forth in 18 U.S.C. section 3553(a). The Ninth Circuit has held that the current version of United States Sentencing Guideline section 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release, such as the motion at issue here. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

While the Section 1B1.13 policy statement is no longer binding, it may still "inform the district court's discretion" for what constitutes extraordinary and compelling reasons warranting release. *Id.* at 802. The policy statement outlines that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. USSG § 1B1.13, Application Note 1(A). Ultimately, "[a] defendant bears the burden to show special circumstances meeting the bar set by Congress . . . for compassionate release to be granted." *See United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. 2020).

Of note, section 3582(c)(1)(A) also contains an "administrative exhaustion requirement [that] imposes a mandatory claim-processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). As the statutory language provides, the court may only modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). In other words, defendant may request compassionate release upon his own motion only if (1) he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" *or* (2) thirty days have "lapse[d] . . . from the receipt of such a request by the warden of the defendant's facility." *Id*. Based upon the motion, the defendant filed a petition for compassionate release on November 17, 2022, that was denied. Neither party indicates the date the petition was denied by the Warden. From the motion, the Court understands that the defendant is proceeding on the grounds of exhaustion as opposed to the lapse of 30 days from his request.

Here the government argues that the defendant has failed to exhaust on two grounds. First, to the extent defendant filed a motion in 2021 for having a "debilitated medical condition," that motion did not concern the issues raised in this motion. The Court agrees that the motion in 2021 is not the basis for the defendant's present request and did not trigger the administrative process with respect to the present motion.

As to the second ground, the government argues that based upon the petition for compassionate release attached to the motion, the defendant appears to have not "fully" exhausted his administrative remedies as required. As at least one court in this district has acknowledged, district courts are split as to whether issue exhaustion is required in compassionate release. *See, e.g.*, *United States v. Bakhtiari*, No. CR 18-0009 WHA, 2022 WL 1289050, at *1 (N.D. Cal. Apr. 30, 2022) (collecting cases and finding that issue exhaustion is required). However, the Court does not need to resolve whether issue exhaustion applies because defendant's petition did not proffer *any* basis. As the document shows, defendant indicated that "i [sic] would like to be put in

3

for compassionate release." (Dkt. No. 163 at 12.) Without more, this is a bare request. Pursuant to BOP regulations, a "request shall at a minimum contain the following information . . . [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." 28 C.F.R. § 571.61(a)(1).[3] Indeed, where courts have considered issue exhaustion, specific bases were proffered in the request. *See, e.g.*, *Bakhtiari*, 2022 WL 1289050, at *2 (highlighting medical conditions, children living in Dallas, and immigration issues). Thus, in light of the foregoing, the Court finds that the defendant has failed to fully exhaust administrative remedies and the motion for compassionate release is denied.

Even were the Court to find that exhaustion was satisfied, defendant has failed to show compelling and extraordinary circumstances to justify compassionate release. General reliance on COVID-19 is insufficient to support release on its own. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). There is no serious dispute that the risks posed by COVID-19 have been substantially mitigated, including by the availability of vaccines. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentencing reduction."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Where inmates, such as the defendant here, have refused vaccines, "[t]he glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion." *United States v. Sawyers*, No. CR 15-00070-RSWL-1, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021). Evidence submitted in connection with the motion also reveals that his medical conditions are being managed.

---

[3] The regulation predates the First Step Act. This is immaterial though because there is still an exhaustion process evinced in the statute.

4

Nor do the factors under 18 U.S.C. § 3553(a) support release. There is little doubt that the defendant engaged in several violent crimes and has an extensive criminal history. His violence has continued into prison, where he has engaged in physical altercations and been found with a weapon. These are significant and severe infractions that cannot be ignored. He has not demonstrated through evidence that he does not pose a threat to the community if released and that he is remorseful for his crimes. To the extent that defendant argues that guidelines would now put him at 156 months as opposed to 276 months for his violent crimes, the argument is not supported by law. Even with a reduction, he would still be in prison for several years, so the request is premature, and the sentence disparity is but one factor to consider.

This Order terminates Docket 163 and 168 is Case No. 16-292 and Docket Numbers 114 and 118 in Case No. 05-271.

**IT IS SO ORDERED.**

Dated: March 14, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SHAWAN ISHMILL SPRAGANS,<br><br>　　　　　Defendants. | Case Nos.:<br>4:05-cr-00271-YGR-1<br><br>4:16-cr-00292-YGR-1<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

(1)　I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2)　On 3/14/2023, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Shawan Ishmill Spragans
97633-011
U.S. Penitentiary Thomson
P.O. Box 1002
Thomson, IL 61285

Dated: 3/14/2023

　　　　　　　　　　　　　　　　　　　　　Mark B. Busby
　　　　　　　　　　　　　　　　　　　　　Clerk of Court, United States District Court

　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Ivy Lerma Garcia, Deputy Clerk to
　　　　　　　　　　　　　　　　　　　　　the Honorable Donna M. Ryu